In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

Employer's Tax Identification No. 54–0486348.

Lorraine STARR, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

May 27, 1998.

Lorraine Starr, Sutton, MA, Pro se.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

## ORDER

MERHIGE, District Judge.

This matter is before the Court on Movant Lorraine Starr's Motion To Obtain Interest On Alternative Dispute Resolution Decision. Although Ms. Starr was directed to contact the chambers of the undersigned by May 4, 1998, in order to schedule a hearing on the matter, she has failed to do so. Therefore, the Court will rule on the pleadings before it.

Ms. Starr seeks interest on her ADR award on the grounds that she did not timely receive her ADR decision and that the Dalkon Shield Claimants Trust (the "Trust") purportedly failed to "perform adequate oversight of [the] ADR process." Trust's Resp. at 6 (Ms. Starr's handwritten notations).[1] The Trust argues, however, that Ms. Starr is not entitled to the relief she requests because irrespective of whether she timely received her ADR decision, she did not dismiss the prepetition lawsuit she had filed against A.H. Robins Company, Inc. prior to her ADR hearing as required under the ADR Rules and thus, was not entitled to her ADR award, let alone interest on that award, until the dismissal occurred.

Pursuant to the ADR Rules, it is the responsibility of the Private Adjudication Center, which acts as the Neutral Third Party ("NTP"), and not the Trust, to send an ADR decision to the respective parties. The ADR Rules do not, however, specify any time deadline within which the NTP must send the decision to the parties. In the instant case, it is undisputed that Ms. Starr received a copy of the ADR Rules prior to her hearing. Thus, Ms. Starr was on notice of any deadlines or requirements that applied to the ADR process. Her subsequent failure to contact the NTP after having failed to timely receive her decision cannot therefore be used as a valid ground for the relief she seeks.

Moreover, Ms. Starr was given more than ample notice that in order to receive any award, she was required to dismiss her prepetition lawsuit against A.H. Robins Company, Inc. Although the ADR Rules require that a claimant dismiss such a lawsuit prior to any ADR hearing, the Trust needed to resolve Ms. Starr's case before the scheduled closing of the ADR program in September 1997 and thus, attempted on numerous occasions to facilitate the dismissal of Ms. Starr's prepetition lawsuit. To that end, the Trust reminded Ms. Starr on numerous occasions of the dismissal requirement and provided her with at least two copies of a Stipulation Of Dismissal—both of which Ms. Starr failed to sign and return. Ms. Starr was even instructed to bring the signed Stipulation Of Dismissal to her ADR hearing, but failed to do so. Under these circumstances, the Court is hard pressed to find how the Trust, which attempted on numerous occasions to assist Ms. Starr in complying with the ADR Rules, can be held responsible for Ms. Starr's failure to cooperate.

Accordingly, upon due consideration, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that Ms. Starr's Motion To Obtain Interest on her ADR award and pro rata payment be, and the same is, hereby DENIED.

Ms. Starr is notified that she has a right to appeal from this Order to the United States Court of Appeals for the Fourth Circuit. In order to appeal, Ms. Starr must, within thirty (30) days of the date of this Order, file a notice of appeal together with a filing fee of US $105.00 with the Bankruptcy Clerk, 1100 East Main Street, Suite 310, Richmond, Virginia 23219. This thirty-day period for filing a notice of appeal cannot be extended unless Ms. Starr, within thirty (30) days after the expiration of the initial thirty-day period, files a notice of appeal and files a motion with

---

1. Rather than submit a separate Reply, Ms. Starr has made handwritten notations in the margins of the Trust's Response. Any citations to Ms. Starr's comments in the Trust's Response will therefore be noted in a parenthetical.

the Bankruptcy Clerk at the same address asking for an extension of time to file an appeal and showing excusable neglect for failure to file a timely notice of appeal, as required by Fed. R.App. P. 4(a)(5). Failure to file a timely notice of appeal or a timely motion for extension of time to file an appeal that is granted by the Court will result in losing the right of appeal.